[Cite as *State v. Johnson*, 2026-Ohio-2694.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA000041 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Guernsey County, Case No. 21CR000188 |
| TRAVELL LAMAR JOHNSON, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: July 14, 2026 |

BEFORE: Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Mark A. Perlaky (Guernsey County Assistant Prosecuting Attorney), Cambridge, Ohio, for Plaintiff-Appellee; Michael G. Groh, Cambridge, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}   Challenging his conviction on one felony drug-possession charge, Defendant Travell Johnson argues that his guilty plea to that charge should be undone because the trial court failed to tell Johnson at his plea-change hearing that any prison term in this case could be imposed consecutively to any other prison terms that Johnson might be serving on the date of his sentencing hearing in this case.  Because the trial judge was not required to convey that information to Johnson during the plea-change hearing, we affirm Johnson's conviction.

**The Key Facts**

{¶2}   Johnson pled guilty in September 2021 to one third-degree-felony aggravated-possession-of-drugs charge.  After engaging in a thorough plea colloquy with Johnson at the plea-change hearing, the trial judge accepted Johnson's guilty plea and set a future date for Johnson's sentencing hearing.  Nothing in the record suggests that Johnson was serving a

prison term at the time of the plea-change hearing, and the trial judge at that time made no mention of consecutive sentencing.

{¶3}   When Johnson failed to appear for his December 2021 sentencing hearing, the trial judge issued a warrant for Johnson's arrest.  The case remained inactive until Johnson mailed a letter to the court nearly three years later.  By then, Johnson was incarcerated on federal charges from West Virginia, and he indicated in his letter that he wanted to resolve his Guernsey County drug-possession case.  According to statements made by Johnson's attorney at the 2025 sentencing hearing in this case, Johnson had committed some federal crimes in either 2022 or 2023 and had been ordered to spend 51 months in federal prison starting in 2024.

{¶4}   At the beginning of Johnson's sentencing hearing in 2025, the trial judge told Johnson that if he — Johnson — needed to speak with his attorney at any time during the hearing, the court would oblige his request.  And after noting that several years had passed since Johnson had entered his guilty plea in the case, the trial court reviewed on the record the terms of the plea agreement.

{¶5}   Though the parties confirmed at the sentencing hearing that the judge had accurately recited the plea-agreement terms that had been reached back in 2021, the judge informed Johnson during the sentencing hearing that the court was willing to allow Johnson to withdraw his previously entered guilty plea due to what the judge described as the "considerable amount of time" that had elapsed since Johnson had initially entered that plea. The court again engaged with Johnson in a manner similar to the plea colloquy that had occurred in September 2021.  This time, though, the judge pointed out to Johnson that the

court could impose the prison term in the Guernsey County case either concurrently or consecutively to the federal prison term that Johnson was serving by then.

{¶6} The judge also explained to Johnson that "concurrent" meant that Johnson would serve any state-court prison term "at the same time" as the federal sentence, and he explained that "consecutive" meant that Johnson would serve any prison terms "one after another." Johnson affirmed that he understood the meaning of the judge's words and indicated that he wanted to proceed with sentencing under the terms of the plea agreement.

{¶7} The judge then imposed a prison term of 24 months on the F3 drug charge, and — after making the requisite consecutive-sentence findings — the judge ordered that Johnson serve that prison term consecutively to his federal prison term. Johnson now appeals.

## The Trial Court Was Not Required to Advise Johnson About the Possibility of Consecutive State and Federal Prison Sentences

{¶8} Johnson contends in his sole assignment of error that he did not enter his guilty plea in the requisite knowing, intelligent, and voluntary way because the trial court, at Johnson's September 2021 plea-change hearing, failed to tell him that the court could require Johnson to serve any prison sentence in this case consecutively to any other prison term that Johnson might be serving on the date of his sentencing hearing in this case. Johnson argues that the trial court therefore failed at the plea-change hearing to comply with Criminal Rule 11. For several reasons, we find this argument unpersuasive.

{¶9} A defendant who enters a guilty or no-contest plea in a criminal case must of course do so knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Criminal Rule 11(C)(2)(a) requires a trial court, before accepting a guilty or no-contest plea in a felony case, to determine that the defendant is making a voluntary plea and that the defendant understands the "nature of the charges" and the "maximum penalty involved." "A

trial court satisfies this obligation by advising the defendant of the maximum sentence for each individual offense to which the plea is entered." *State v. Saunders*, 2026-Ohio-1496, ¶ 5 (5th Dist.).

{¶10} Our court has recently addressed in *State v. Saunders*, 2026-Ohio-1496 (5th Dist.) the very issue that this case raises. We explained there that "[e]xcept when the trial court must impose a consecutive sentence . . . a trial judge at a plea-change hearing need not advise a defendant of the possibility that consecutive sentences may be imposed." *Saunders* at ¶ 6. This is true even when the defendant is already incarcerated on an unrelated prison sentence at the time that the defendant enters his or her guilty plea. *Id.* at ¶ 10 (declining to adopt the view that a trial judge "must explain to an already-incarcerated defendant that any prison terms that must or might be imposed for the offense or offenses at issue in the plea change could be imposed consecutively to any prison sentences the defendant is already serving").

{¶11} We first note that the trial judge was not required to impose a consecutive sentence in Johnson's case and was therefore under no obligation to advise Johnson about the possibility of consecutive sentencing. Johnson pled guilty to a single third-degree-felony charge for aggravated possession of drugs, in violation of R.C. 2925.11(A), and that charge carried only a presumption for a prison term under R.C. 2925.11(C)(1)(b). The judge was not required to impose a prison term at all, let alone a consecutive prison term. *See* R.C. 2929.13(D)(1) and (2) (explaining the "presumption" for prison).

{¶12} Second, we are unsure what consecutive-sentence advisement Johnson expected to receive at the September 2021 plea-change hearing even if a trial court were obligated to provide such an advisement to a defendant who (unlike Johnson) was already

incarcerated then. Johnson was of course pleading guilty to just one charge in his Guernsey County case, and nothing in the record leads us to believe that Johnson was, at the time of the September 2021 plea-change hearing, serving any term of incarceration — whether federal, state, or local — for any other case. And according to statements made by Johnson's trial attorney at the October 2025 sentencing hearing, Johnson did not commit until 2022 or 2023 the offenses that resulted in his federal incarceration in 2024. The trial judge was certainly not required at the September 2021 plea change to anticipate that over four years would elapse between Johnson's guilty-plea and sentencing hearings, just as the trial judge had no obligation to foresee that Johnson would, during that time, commit additional crimes, be convicted on new charges tied to those crimes, and be sentenced to a prison term on them before the court could sentence Johnson in this case.

{¶13} Finally, at Johnson's October 2025 sentencing hearing, the trial court acknowledged that over four years had passed since Johnson pled guilty. The court, without any prompting from Johnson or Johnson's attorney, offered Johnson the opportunity to withdraw that guilty plea. When Johnson maintained that he wished to proceed with the terms of the plea deal, the trial judge again provided Johnson with many of the same advisements that the judge had provided in 2021 at the plea-change hearing. This time, though, the judge did in fact warn Johnson that he could be required to serve the prison term for the drug-possession charge in this case after Johnson finished serving his federal sentence. Johnson stated that he understood what the judge was saying, and he again asserted that he wanted to proceed with sentencing. This 2025 exchange between Johnson and the trial court undercuts Johnson's argument on appeal that he would not have entered his guilty plea had he been informed in 2021 about the possibility of consecutive sentences.

{¶14} The trial court here complied with Criminal Rule 11(C)(2)(a)'s requirements, and we find that Johnson's guilty plea was a knowing, intelligent, and voluntary one. His sole assignment of error is overruled.

{¶15} For the reasons explained above, the judgment of the Court of Common Pleas of Guernsey County is affirmed. Costs are to be paid by Appellant Travell Lamar Johnson.

By: Gormley, J.;

King, P.J. and

Popham, J. concur.